## INHABITANTS OF HARVARD vs. INHABITANTS OF BOX-BOROUGH.

Parts of different towns were formed into a district, by an act of incorporation which contained a provision, that the inhabitants of the district should " provide for the support of all the poor who were inhabitants within the district before the passing of the act, and shall be brought back for maintenance hereafter." *Held*, that the act was limited to those individuals, who were before inhabitants within the district and might be brought back, and did not include their descendants.

ASSUMPSIT to recover expenses incurred by the plaintiffs in support of Lucinda Hale and Tamar Hale, paupers, whose settlement was alleged to be in Boxborough.

The following facts were agreed by the parties : Boxborough was incorporated as a district, February 25th 1783, by *St.* 1782, *c.* 41, which is made part of the case. A part of the territory thus incorporated, called the Davis farm, had been, until said incorporation, a part of the town of Harvard. Isaac Hale had a settlement in Harvard, by virtue of his residence on the Davis farm. He died before 1783. William Hale, the son of said Isaac, had left Harvard before 1783, having resided on the Davis farm with his father, until he left ; and at the time of said incorporation he was residing, and at the time of his death, which was in 1787, he did reside, in other parts of the Commonwealth, never having returned to Harvard or Boxborough ; but he gained no settlement, in his own right, in any other town.

Lucinda Hale and Tamar Hale are the children of said William, and have gained no settlement in the Commonwealth, in their own right. They had fallen into distress and were relieved by the plaintiffs, before the commencement of this action ; of which the defendants received due notice.

There are no means of ascertaining whether said William Hale was or was not twenty-one years old when he left the Davis farm, nor whether the paupers were or were not born before the said act of incorporation. If they were born before that time, they were infants at the time.

The parties agreed that, upon these facts, judgment should be rendered for the plaintiffs, for $ 77·23, or for the defendants, as the court should order.

*Merrick & C. Allen,* for the plaintiffs.

*Washburn,* for the defendants.

SHAW, C. J.	The paupers, it is agreed, had gained no settlement anywhere in their own right ; and of course they had a derivative settlement from their father, William Hale. No other settlement of William Hale is shown than that derived from his father Isaac Hale, and that was in Harvard. The paupers, therefore, *primâ facie,* have their settlement in Harvard ; the rule being, that when a settlement is once shown, it shall be presumed to continue, until it is proved to be changed. To prove such a change, the act of incorporation is relied upon, by which Boxborough, composed of parts of three old towns, (Stow, Harvard and Littleton,) was incorporated into a district, February 25th 1783.

The *St.* of 1793, *c.* 34, for ascertaining what shall constitute a legal settlement, made provision for certain cases, where there should be a division of towns or districts. It extended to those persons, who had a legal settlement in either of the towns, but who were absent at the time of the incorporation. But this statute was made after Boxborough was incorporated, and therefore will not apply to this case. Before that statute, the law was well established, that where a new town was incorporated, taken in whole or in part from an old town, all those persons, who were not then *de facto* inhabitants of the territory incorporated, so as to be parties to it, and where no special provision to the contrary was made in the act of incorporation, retained their settlement in the old town. It was so held, and the reasons fully stated, in the case of *Windham* v. *Portland,* 4 Mass. 384.

It depends mainly on the consideration that settlement does not import locality ; it is a personal right, which an individual has, in case of necessary relief from the public, to obtain that relief at the expense of a particular corporation, without regard to residence. Residence in a particular place, with other circumstances, is one of the means of acquiring that right ; but it may be acquired in various other ways. It may be held and enjoyed by many persons who were never within the limits of

such town, and be transmitted by them to their posterity. Such a right must of course attach to such corporation, and continue, so long as the corporation retains its identity. Such identity is not changed by taking territory from it, or annexing territory to it. The old town, therefore, being the same identical corporation, after a portion of its territory is incorporated into a new town, unless it is otherwise provided for, as it may be in the act of incorporation, stands chargeable as before.

In the act by which Boxborough was incorporated, *St.* 1782, c. 41, (1 Special Laws, 40, 41,) it is required that the inhabitants of the district " provide for the support of all the poor who were inhabitants within the said district before the passing of this act, and shall be brought back for maintenance hereafter." Unless the case of these paupers can be brought within this provision, which is an exception, they must be governed by the general rule.

It is found that William Hale, the father, had left Harvard before the incorporation in February 1783, remained absent till his death, and never returned either to Harvard or Boxborough. It is very clear, therefore, that he was not one of the " inhabitants " incorporated by this act. The grandfather, from whom the settlements of all these persons are derived, had died before 1783, so that he was not an " inhabitant," within the terms of the act.

The exception is limited to those who were inhabitants within this district, before the passing of the act. It cannot in terms include these paupers, because, if the act could be construed to include infants or others, who could not have acquired a domicil *suo jure,* (which is doubtful,) it does not appear that they were then born. The statute might have been extended, not only to those who had been inhabitants within the district, but to all those having derivative settlement from them. But there is nothing in the statute to warrant such an extended construction. Indeed there would have been great difficulty in carrying such a statute into effect ; and the legislature may have foreseen such difficulty, and been deterred by it from carrying the provision further. The statute charges the new district with the

support of those who were inhabitants in it before the act. Inhabitants when ? for how long time ? Shall it embrace all those who have, for any short time, been inhabitants, or for how long a time ? If it should be said, inhabitants at the time they acquired their settlement, it would not remove the difficulty, for they may have been several years in acquiring a settlement, and, during that time, dwelt in various parts of the town ; the acquisition of the settlement not depending on any particular local residence. But without pursuing this consideration farther, we think the provision in the statute is limited to those individuals, who were before inhabitants within the district, and might be brought back, (implying previous residence,) and did not include their descendants. The court are, therefore, of opinion that these paupers are not within the proviso ; that their settlement was in the town of Harvard, when the relief was furnished ; and that this action cannot be maintained.

*Plaintiffs nonsuit.*